# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51109
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2018

Lyle W. Cayce
Clerk

Consolidated with 17-51117

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE AMBROCIO VASQUEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-76-1
USDC No. 7:08-CR-267-2

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Ambrocio Vasquez appeals the sentence imposed following the revocation of his supervised release. He argues that the total term of 42 months of imprisonment is unreasonable because the district court stated that it was considering the 18 U.S.C. § 3553(a) factors, instead of 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3583(e), provided no additional justification for imposing three consecutive 14-month sentences, and failed to consider mitigation evidence.

As Vasquez did not raise his arguments in the district court, review is for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009). The transcript indicates that prior to pronouncing sentence, the district court considered Vasquez's personal plea for leniency and considered counsel's sentencing hearing argument, which included a request for a downward departure. The district court indicated that it had considered the Sentencing Reform Act of 1984 and the factors set forth in § 3553(a) in reaching the determination that the guidelines range was fair and reasonable. As the sentence was within the range set forth by the policy statements of the Guidelines, it is presumed reasonable and more explicit consideration of the appropriate sentencing factors is not necessary. *See United States v. Kippers*, 685 F.3d 491, 500 (5th Cir. 2012); *United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).

Although the district court referred to § 3553(a), the district court did not refer to § 3553(a)(2)(A), and the record does not suggest that the district court considered impermissible factors when determining the sentence. *See United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011); *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015). To the extent Vasquez contends that the district court erred by providing insufficient reasons for imposing consecutive sentences, this argument lacks merit. *See* 18 U.S.C. § 3584(a); *Rita v. United States*, 551 U.S. 338, 358-59 (2007); *United States v. Gonzalez*, 250 F.3d 923, 925-30 (5th Cir. 2001). Vasquez's argument that the district court erred by failing to address mitigation evidence also lacks merit. *See Miller*, 634 F.3d at 843.

No. 17-51109
c/w No. 17-51117

For the foregoing reasons, the judgment of the district court is AFFIRMED.